# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARRIS, | 1:18-cv-00942-GSA-PC |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY HECK V. HUMPHREY, 512 U.S. 477 (1994) AND EDWARDS v. BALISOK, 520 U.S. 641 (1997).** |
| vs. | |
| MADERA COUNTY DEPARTMENT OF CORRECTIONS, | **(ECF No. 1.)** |
| Defendant. | **30 DAY DEADLINE** |

Plaintiff, Daniel Harris, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff named only one defendant, the Madera County Department of Corrections ("MCDC"). Plaintiff complains that his Fourth Amendment rights were violated on September 29, 2016, when MCDC illegally obtained evidence which was used against Plaintiff at trial in Plaintiff's criminal case in October 2017. Plaintiff alleges that on September 29, 2016, MCDC violated policy, procedure, and protocol by setting up illegal visitation between restricted parties at the jail, with the intent to obtain evidence for the prosecution to be used against Plaintiff. Plaintiff alleges that he was found guilty and sentenced to life in prison based on illegal evidence which was more than 50% of the prosecution's case. Plaintiff seeks compensatory and punitive damages.

## II.    ANALYSIS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's Complaint does not contain any allegations to show that Plaintiff's guilty finding has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

## III.    ORDER TO SHOW CAUSE

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck and Edwards. **Failure to respond to this order will result in a recommendation that this case be dismissed, without prejudice.**

IT IS SO ORDERED.

Dated:    __December 10, 2018__              _____/s/ Gary S. Austin_____
                                                      UNITED STATES MAGISTRATE JUDGE