# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARRIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>　　　　Defendant. | 1:18-cv-00942-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 17.)** |

　　　　Plaintiff, Daniel Harris, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 25, 2019, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff declares that he is indigent and cannot afford counsel. This alone does not make Plaintiff's case exceptional under the Ninth Circuit's standards discussed above.

On January 10, 2019, the Court issued an order for Plaintiff to show cause why this case should not be dismissed as barred by Heck V. Humphrey, 512 U.S. 477 (1994) and Edwards V. Balisok, 520 U.S. 641 (1997). (ECF No. 13.) Plaintiff contends that the court is required, under California Rules of Court, rule 4551(c)(2), to appoint counsel for an indigent plaintiff if the court issues an order to show cause. In this case, California's Rules of Court are not applicable, and the Court knows of no similar rule in the federal court. Therefore, Plaintiff's argument is unpersuasive.

Based on the record in this case, the court finds that Plaintiff is able to adequately articulate his claims. However, it is unlikely that Plaintiff will succeed on the merits of his claims, because it appears that Plaintiff seeks habeas corpus relief in this § 1983 action, Based on this analysis, Plaintiff's motion for appointment of counsel shall be denied.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

   Dated: **March 1, 2019**          **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE