# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARRIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>　　　　Defendant. | 1:18-cv-00942-GSA-PC<br><br>**ORDER DENYING MOTION FOR STAY (ECF No. 18.)**<br><br>**ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO RESPOND TO COURT'S ORDER TO SHOW CAUSE (ECF No. 13.)**<br><br>**SIXTY-DAY DEADLINE** |

**I.　　BACKGROUND**

Plaintiff, Daniel Harris, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 12, 2018. (ECF No. 1.) On December 10, 2018, the court issued an order to show cause, requiring Plaintiff to file a response to the order within thirty days showing why this case should not be dismissed as barred by Heck and Balisok.[1] (ECF No. 13.) On January 10, 2019, the court granted Plaintiff a sixty-day extension of time to file his response. (ECF No. 15.)

On March 11, 2019, Plaintiff filed a motion for stay. (ECF No. 18.)

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).

1

## II. MOTION FOR STAY

The court has inherent authority to manage the cases before it. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court. <u>See</u>, e.g., <u>Jarvis v. Regan</u>, 833 F.2d 149, 155 (9th Cir. 1987).

Plaintiff requests a stay of all proceedings in this case to allow him time to exhaust his administrative remedies and obtain legal counsel to assist him.

### A. Exhaustion Of Remedies For This § 1983 Case

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Plaintiff is a state prisoner proceeding with this case under 42 U.S.C. § 1983. Thus, Plaintiff is subject to the Prison Litigation Reform Act and is required to exhaust his available administrative remedies using the grievance process at the prison *prior to filing suit*. If Plaintiff did not exhaust his remedies *before filing suit*, it then serves no purpose to stay this case. Therefore, the court finds no good cause to stay the proceedings in this case to allow Plaintiff to exhaust his remedies for this case.

### B. Exhaustion of Remedies for Case Number F077649

Plaintiff has requested a stay of the proceedings in this case to "exhaust all remedies pertaining to case No. F077649." (ECF No. 18 at 21-22.) Plaintiff has not sufficiently identified case No. F077649, nor explained why he needs time to exhaust remedies for that case. Without more information the court finds no good cause to stay this case to allow Plaintiff to exhaust remedies in case No. F077649.

### C. Time to Seek Legal Counsel

Plaintiff also requests a stay of this action to allow him time to seek counsel to represent him. However, a stay of this entire action is not Plaintiff's only remedy. Under Rule 6 of the Federal Rules of Civil Procedure the court has discretion to extend filing deadlines. If a party makes a request for additional time "before the original time or its extension expires," then the court may extend the deadline "for good cause." See Fed. R. Civ. P. 6(b)(1)(A).

The only currently pending deadline in this case is for Plaintiff to respond to the court's order to show cause issued on December 10, 2018. The court initially granted Plaintiff thirty days, and then sixty more days in which to respond to the court's order. The deadlines have now nearly expired. (ECF Nos. 13, 15.) Instead of a stay of the proceedings the court finds good cause to allow Plaintiff another sixty-day extension of time in which to respond to the court's order to show cause. This new extension of time will allow Plaintiff time to seek counsel before his response is due. If Plaintiff requires a further extension of time he should file a motion with the court before the expiration of any deadline set by the Court.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay, filed on March 11, 2019, is DENIED;
2. Plaintiff is granted sixty days from the date of service of this order in which to file a response to the court's order to show cause issued on December 10, 2018; and,
3. No further extensions of time shall be granted without a showing of good cause.

IT IS SO ORDERED.

Dated: **March 14, 2019**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE