# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | 1:18-cv-00942-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS BARRED BY <u>HECK v. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997), WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS** |

## I. BACKGROUND

Daniel Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 12, 2018, against defendant Madera County Department of Corrections (MCDC). (ECF No. 1.)

**Plaintiff's Allegations**. In the Complaint, Plaintiff claims that his Fourth Amendment rights were violated on September 29, 2016, when MCDC illegally obtained evidence which was used against Plaintiff at trial in Plaintiff's October 2017 criminal case. Plaintiff alleges that on September 29, 2016, MCDC violated policy, procedure, and protocol by setting up illegal visitation between restricted parties at the jail, with the intent to obtain evidence for the

1

prosecution to be used against Plaintiff. Plaintiff alleges that he was found guilty and sentenced to life in prison based on illegal evidence which was more than 50% of the prosecution's case. Plaintiff seeks compensatory and punitive damages.

The court screened the Complaint and issued an order on December 10, 2018, requiring Plaintiff to show cause, within thirty days, why this case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). (ECF No. 13.) Plaintiff requested and was granted two sixty-day extensions of time to file his response to the court's order to show cause. (ECF Nos. 15, 19.) On April 22, 2019, Plaintiff filed his response and requested thirty days in which to seek legal counsel. (ECF No. 22.)

The Complaint is now before the court for further screening. 28 U.S.C. § 1915A.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S.

Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  PLAINTIFF'S CLAIMS

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. **Habeas Corpus and Section 1983 Claims**

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Benn v. Duarte, No. 11CV01214-AJB JMA, 2012 WL 760459, at *5 (S.D. Cal. Mar. 7, 2012) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Although a habeas action and a § 1983 action are not necessarily mutually exclusive, "when prison inmates seek only equitable relief in challenging aspects of [administrative decisions] that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute [;][w]hether such relief is also available under § 1983 depends on the application of Heck's favorable termination rule. . . ." Benn, 2012 WL 760459, at* 5 (quoting Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (emphasis in original) (explaining the distinction between those types of judicial intervention in the context of a challenge to parole denial), citing Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983") (citing Preiser, 411 U.S. at 475); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) ).

When a Section 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. Benn, 2012 WL 760459, at *5 (citing Heck, 512 U.S. at 483-87 (holding that a Section 1983 claim was not cognizable because the allegations were akin to a malicious prosecution claim, requiring as an element of the claim prior termination of

the challenged proceeding in plaintiff's favor)). The Supreme Court later clarified that the Heck favorable termination rule applies regardless of the form of remedy sought, if the Section 1983 action necessarily implies the invalidity of an underlying conviction or a prison disciplinary judgment. Benn, 2012 WL 760459, at *5 (citing see Edwards, 520 U.S. at 646-48). In Edwards, the Court held that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under Section 1983 because the alleged defect−in that case, deceit and bias on the part of the decision maker−would result in an automatic reversal of the disciplinary sanction. Benn, 2012 WL 760459, at *6 (citing Edwards, 520 U.S. at 646-48; see McQuillon v. Schwarzenegger, 369 F.3d 1091, 1097-99 (9th Cir. 2004) (same); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)−no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)−if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); but see Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (holding that "the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement")). As summarized in Ramirez:

> The Supreme Court first addressed the intersection between § 1983 and writs of habeas corpus in Preiser v. Rodriguez, holding that "when a state prisoner is challenging the very fact or duration of his physical confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner's "sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. Conversely, Preiser concluded that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Id. at 499.

///

The Court revisited <u>Preiser</u> in <u>Heck v. Humphrey</u>, involving a prisoner's § 1983 action alleging that state prosecutors and investigators had engaged in an unlawful investigation and knowingly destroyed exculpatory evidence. <u>Heck</u>, 512 U.S. at 478-79. The prisoner's complaint sought compensatory and punitive damages, but not injunctive relief, or release from custody. <u>Id.</u> at 479. The Supreme Court explained that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. . . even though such a claim may come within the literal terms of § 1983." <u>Id.</u> at 481 (discussing <u>Preiser</u>, 411 U.S. at 488-90). The Court then announced a new "favorable termination rule" regarding the validity of § 1983 claims by prisoners:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal...or called into question by a federal court's issuance of a writ of habeas corpus, . . .
>
> . . . .

<u>Id.</u> at 486-87. Absent such a showing, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983. . . ." <u>Id.</u> at 489.

In <u>Edwards v. Balisok</u>, the Supreme Court extended the favorable termination rule to prison disciplinary actions that implicated the prisoner's term of confinement. In <u>Edwards</u>, a prisoner brought suit under § 1983 challenging the procedures used in a disciplinary hearing. Although the prisoner's conviction resulted in the loss of good-time credits, his suit sought only damages, and an injunction against future violations. <u>Edwards</u>, 520 U.S. at 643-44. The Court held that the prisoner could not circumvent the limitation on § 1983 suits imposed by <u>Heck</u>, because the alleged due process defects, if established, "necessarily imply the invalidity of the deprivation of his good-time

credits." Id. at 646. As that result would decrease the length of the prisoner's confinement, the Court concluded that the prisoner's claims were not cognizable under § 1983 until his disciplinary conviction was invalidated.

Benn, 2012 WL 760459, at *6-7 (quoting Ramirez, 334 F.3d at 855-56).

However, none of these three cases "holds that prisoners challenging the conditions of their confinement are automatically barred from bringing suit under § 1983 without first obtaining a writ of habeas corpus." Benn, 2012 WL 760459, at *7 (quoting Ramirez, 334 F.3d at 856). "Rather, the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Id.

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

### IV. PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

In response to the court's order to show cause, Plaintiff submitted a copy of the Appellant's Opening Brief (Brief) for the appeal of his criminal conviction at California's Fifth District Court of Appeal. (ECF No. 22 at 4-35, Exh. A.) Plaintiff describes the Brief as "a document bringing into question the illegal actions of the Madera County Department of Corrections and the participation of violations of Plaintiff's civil rights." (ECF No. 22 at 2:5-9.) Plaintiff characterizes the Brief as evidence that his civil rights were violated and that he did suffer from the illegal actions by the Madera County Department of Corrections.

Plaintiff requests a thirty-day extension of time to seek legal counsel. In support of his request he submits a four-page record of his mailings in 2018 and 2019 to a list of addresses, purportedly to show that he has made a good faith attempt to contact attorneys in his search for counsel.

///

## V. DISCUSSION

The evidence submitted by Plaintiff is not sufficient to show that this § 1983 case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). Plaintiff has not shown that his conviction or sentence has been reversed, expunged, declared invalid, or called into question by the issuance by a federal court's writ of habeas corpus under 22 U.S.C. § 2254. The copy of Appellant's Opening Brief causes an inference that Plaintiff is taking steps to challenge his conviction. However, Plaintiff submits no evidence that his appeal has been decided.

Here, Plaintiff's Complaint challenges the fact or duration of his confinement, and success in this action would necessarily demonstrate the invalidity of his confinement or its duration. Therefore, Plaintiff is barred by Heck and Edwards from pursuing his claims in this case under § 1983.

The court finds no good cause to grant Plaintiff thirty more days to seek legal counsel. More than thirty days has already passed since Plaintiff filed his motion for extension of time on April 22, 2019. Therefore, the motion for extension of time should be denied.

## VI. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff has not satisfied the "favorable termination" requirement by proving that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Therefore, Plaintiff's § 1983 claims are barred under Heck v. Humphrey, 512 U.S. 477, 487-88 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997), and Plaintiff fails to state any cognizable claims upon which relief may be granted under § 1983. The court also finds that the deficiencies outlined above are not capable of being cured by amendment.

Therefore, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED as barred by Heck v. Humphrey, 512 U.S. 477, 487-88 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997), without prejudice to filing a petition for writ of habeas corpus;

2. Plaintiff's request for extension of time to seek legal counsel be denied as moot; and

3. The Clerk of Court be directed to CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 10, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE